IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEITH L. HARE, #Y50064, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-02281-JPG |
| ) | |
| KRISTOPHER THARP, ) | |
| ROCHELLE BROWN, ) | |
| and MARY DAMBACHER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Keith Hare, a former inmate at Madison County Jail ("Jail") located in Edwardsville, Illinois, brings this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1, pp. 1-51). Plaintiff claims that his medical care was neglected during his confinement at the Jail from December 3, 2019 to February 13, 2022. (*Id*. at 7-8). He seeks monetary relief.[1] (*Id*. at 9).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Plaintiff also requests a court order requiring the Illinois Department of Corrections (IDOC) to "look into these issues that were not forwarded" when he transferred into IDOC custody. (Doc. 1, p. 9). This amounts to a request for injunctive relief aimed at a non-party (IDOC) for the denial of care at his current facility (Pinckneyville Correctional Center). Because the request does not pertain to the claims at issue *in this case*, it is **DENIED without prejudice**. Plaintiff is free to file a separate lawsuit under 42 U.S.C. § 1983 for the denial of medical care at Pinckneyville.

1

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 7-8): During his confinement at Madison County Jail from December 3, 2019 until February 13, 2022, Plaintiff faced several medical issues. Some were addressed at the Jail, others were referred to an outside provider, and still others were "outright neglected." (*Id*. at 7). He identifies the following medical issues that were neglected: left shoulder pain,[2] heart issues,[3] abnormal bloodwork,[4] and an unknown autoimmune disorder.[5] (*Id*. at 7-8).

Based on the allegations summarized above, the Court finds it convenient to designate the following enumerated claims in the *pro se* Complaint:

**Count 1:** Eighth or Fourteenth Amendment claim against Defendants for denying Plaintiff adequate medical care for his left shoulder, elbow, and hand pain from June 2020 until February 2022.

**Count 2:** Eighth or Fourteenth Amendment claim against Defendants for denying Plaintiff adequate medical care for his heart condition, *i.e.*, cardiomyopathy, from June 2020 until February 2022.

**Count 3:** Eighth or Fourteenth Amendment claim against Defendants for denying Plaintiff adequate medical care following his abnormal bloodwork.

**Count 4**: Eighth or Fourteenth Amendment claim against Defendants for denying Plaintiff adequate medical care for his unknown autoimmune disorder.

---

[2] Plaintiff explains that his left shoulder pain progressively worsened from June 2020 until his transfer in February 2022. He eventually lost the ability to raise his left arm above his head or make a fist. (*Id*. at 7).
[3] Plaintiff's chest pain began shortly after his left shoulder pain, and he was sent for emergency room treatment twice before he was referred to a specialist and diagnosed with cardiomyopathy. He maintains that "nothing was ever reported to the staff" by the specialist, and Plaintiff never received treatment for the condition. (*Id*.).
[4] Plaintiff lists the following concerns about his abnormal bloodwork: Vitamin D deficiency, "Hep B Core Ab" (positive abnormal), antinuclear antibodies (positive abnormal), and homogenous pattern (high). He identifies the "suggested disease association" as lupus, scleroderma, or primary biliary cirrhosis (liver damage). (*Id*. at 8).
[5] Plaintiff suffered from fatigue, dizziness, skin infections, and constipation that he attributes to this condition. (*Id*.).

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[6]

### Discussion

The applicable legal standard for Counts 1 through 4 depends on Plaintiff's status as a pretrial detainee or convicted prisoner while he was at the Jail from December 3, 2019 until February 13, 2022. Plaintiff has not offered any information about his legal status. Therefore, the Court will summarize the standards that apply to detainees and prisoners.

A pretrial detainee's claim for the denial of medical care is governed by the Fourteenth Amendment Due Process Clause and consists of two components. First, the Court considers whether "defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling" of the detainee's serious medical need. *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted). Next, the Court asks "whether the challenged conduct was objectively reasonable" based on "the totality of the facts and circumstances faced by the individual alleged to have provided inadequate medical care" to the detainee. *Id*. Negligence does not satisfy this standard. *Id*.

A convicted prisoner's claim for denial of medical care is subject to the Eighth Amendment prohibition against cruel and unusual punishment and also consists of two components. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Court first determines whether the prisoner-plaintiff has described an objectively serious medical need. *Id*. The Court next considers whether each individual defendant responded to the prisoner-plaintiff's serious medical need with deliberate indifference. *Id*. Negligence does not satisfy this standard either. *Id*.

Plaintiff names three defendants in the case caption of the Complaint: Captain Kristopher

---

[6] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

Tharp, Nurse Practitioner Mary Dambacher, and Nurse Rochelle Brown. However, he does not mention these defendants in the statement of his claim. The Court is unable to guess what each defendant did, or failed to do, in violation of his constitutional rights. Plaintiff must provide some context for his claims against each defendant, and he has not done so in the body of his Complaint. His exhibits offer little additional information about any defendant's role in the denial of his care for any of the conditions listed above. Moreover, he blames the denial of medical care on acts of negligence, but negligence does not support a claim under the Eighth or Fourteenth Amendment.

Section 1983 creates a cause of action based on personal liability and predicated upon fault. In order to be liable under Section 1983, an individual defendant must have caused or participated in a constitutional deprivation. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). In other words, Plaintiff must identify particular defendants and describe the acts or omissions that caused a deprivation of his constitutional rights. He cannot list potential defendants in the case caption and expect to state a claim against them without more. He must draw a connection between each defendant and his own constitutional deprivation. Having failed to establish this nexus, Plaintiff's claims against Defendants shall be dismissed without prejudice. However, Plaintiff will have an opportunity to re-plead his claim in a First Amended Complaint if he would like to proceed with his claims. When preparing a First Amended Complaint, Plaintiff should identify each defendant in the case caption and set forth allegations describing what each defendant did, or failed to do, to violate his constitutional rights. To avoid dismissal with prejudice, he must follow the instructions and deadline in the below disposition.

## Disposition

**IT IS ORDERED** that the Complaint—including Counts 1, 2, 3, and 4—is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **ALL DEFENDANTS** are **DISMISSED** without prejudice, and the Clerk's Office is **DIRECTED** to

**TERMINATE** them as parties in CM/ECF.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **March 16, 2023**. Should he fail to file an amended complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamming*a, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and list the case number for this action (No. 22-cv-02281-JPG) on the first page. To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces prior versions, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1).

Finally, Plaintiff is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in her address; the Court will not independently investigate her whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 2/21/2023**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**