IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEITH L. HARE, #Y50064, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 22-cv-02281-JPG |
| | ) |
| KRISTOPHER THARP, | ) |
| ROCHELLE BRAUN, | ) |
| and MARY DAMBACHER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Now before the Court is an Amended Complaint filed by Plaintiff Keith Hare. (Doc. 14). Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred during his confinement at Madison County Jail ("Jail") in Edwardsville, Illinois, (*Id*. at 1-66). Plaintiff claims that these individuals denied him medical care for serious health conditions from December 3, 2019 to February 13, 2022. He seeks monetary relief.

The First Amended Complaint is now before the Court for review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### First Amended Complaint

Plaintiff sets forth the following allegations in the Amended Complaint (Doc. 14, pp. 9-21): While housed at Madison County Jail from December 3, 2019 until February 13, 2022,

1

Plaintiff suffered from several serious medical conditions, including left shoulder pain,[1] a heart condition,[2] abnormal bloodwork,[3] and exposure to COVID-19.[4]  *Id*. at 9.  He alleges that Defendants Tharp, Braun, and Dambacher either denied medical care for these conditions or allowed others to deny him care.  *Id*. at 10.

Plaintiff sets forth the following claims against Defendants in the First Amended Complaint:

**Count 1:**   Eighth or Fourteenth Amendment claim against Defendants Braun and Tharp for denying Plaintiff adequate medical care for his left shoulder, elbow, and hand pain from June 2020 until February 2022.

**Count 2:**   Eighth or Fourteenth Amendment claim against Defendants Braun and Dambacher for denying Plaintiff adequate medical care for his heart condition, *i.e.*, cardiomyopathy, from June 2020 until February 2022.

**Count 3:**   Eighth or Fourteenth Amendment claim against Defendant Braun for denying Plaintiff adequate medical care following his abnormal bloodwork.

**Count 4**:   Fourteenth Amendment claim against Defendants Braun and Dambacher for denying Plaintiff adequate medical care for COVID-19 in October 2020.

**Count 5:**   Eighth or Fourteenth Amendment claim against Defendants for failing to send a copy of his medical records with him when he transferred into the custody of the Illinois Department of Corrections.

**Any other claim not addressed herein is dismissed without prejudice as inadequately pled**.[5]

---

[1] Plaintiff explains that his left shoulder pain progressively worsened, until he lost the ability to raise his left arm above his head or make a fist.  He was sent to an outside provider, who recommended additional bloodwork, tests, and surgery.  These recommendations were disregarded.  (*Id*. at 11-12).

[2] Plaintiff was sent for emergency room treatment of chest pain twice before being referred to a specialist, who diagnosed him with cardiomyopathy and gave him a heart monitor to wear for three days. Plaintiff was denied review of the results or further care for his condition.  (*Id*. at 13-16).

[3] Plaintiff lists the following concerns about his abnormal bloodwork, among others: Vitamin D deficiency, "Hep B Core Ab" (positive abnormal), antinuclear antibodies (positive abnormal), and homogenous pattern (high).  He identifies the "suggested disease association" as lupus, scleroderma, or primary biliary cirrhosis (liver damage).  (*Id*. at 16-19).

[4] Plaintiff contracted COVID-19 during his pretrial detention in October 2020.  He alleges that no one monitored the severe effects of his illness or sent him to a hospital for treatment.  (*Id*. at 19-21).

[5] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Discussion**

The applicable legal standard for these claims is derived from Plaintiff's status as a pretrial detainee or convicted prisoner at the time each claim arose. Plaintiff indicates that he was a pretrial detainee until November 17, 2021 and a convicted prisoner from November 17, 2021 until his transfer in February 13, 2022. Because his claims arose during both time periods, the Court will review both legal standards applicable to his claims.

The Court previously explained that a pretrial detainee's claim for the denial of medical care is governed by the Fourteenth Amendment Due Process Clause. When presented with this claim, the Court first considers whether "defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling" of the detainee's serious medical need. *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted). The Court next asks "whether the challenged conduct was objectively reasonable" based on "the totality of the facts and circumstances faced by the individual alleged to have provided inadequate medical care" to the detainee. *Id*. Negligence does not satisfy this standard. *Id*.

In contrast, a convicted prisoner's claim for denial of medical care is subject to the Eighth Amendment prohibition against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). When presented with a prisoner's claim, the Court first determines whether the prisoner has described an objectively serious medical need. *Id*. The Court next considers whether each individual defendant responded to the prisoner's serious medical need with deliberate indifference. *Id*. Negligence does not satisfy this standard either. *Id*.

Counts 1, 2, 3, and 4 survive screening against those defendants identified in connection with each claim above, as follows: Count 1 shall proceed under the Eighth and Fourteenth Amendment against Defendants Braun and Tharp; Counts 2 shall proceed under the Eighth and

Fourteenth Amendment against Defendants Braun and Dambacher; Count 3 shall proceed under the Eighth and Fourteenth Amendment against Defendant Braun; and Count 4 shall proceed under the Fourteenth Amendment, only, against Defendants Braun and Dambacher. These claims shall be dismissed without prejudice against those individual defendants who are not identified in connection with each claim above. Section 1983 liability requires personal involvement in or responsibility for a constitutional deprivation. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). However, Plaintiff named no other defendants in connection with these claims. He instead relies on the doctrine of *respondeat superior* and vague references to "the Jail Administrator at the time." However, this falls short of articulating a claim against anyone.

Moreover, Count 5 consists of nothing more than an assertion that Plaintiff's medical records were not transmitted to the IDOC. Plaintiff does not identify who was responsible for this oversight or when. He does not describe any attempts to put the defendants on notice or request a copy of his records. And, he describes conduct that amounts to negligence, at most. This claim shall therefore be dismissed without prejudice against all defendants for failure to state a claim.

## Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 14) survives preliminary review under 28 U.S.C. § 1915A, as follows:

**COUNT 1** will receive further review under the Eighth and/or Fourteenth Amendments against Defendants **THARP** and **BRAUN**;

**COUNT 2** will receive further review under the Eighth and/or Fourteenth Amendments against Defendants **BRAUN** and **DAMBACHER**;

**COUNT 3** will receive further review under the Eighth and/or Fourteenth Amendments against Defendant **BRAUN**; and

**COUNT 4** will receive further review under the Fourteenth Amendment, only, against Defendants **BRAUN** and **DAMBACHER**.

**Because these claims arise from the alleged denial of medical care, the Clerk's Office is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**COUNTS 1, 2, 3,** and **4** are **DISMISSED** without prejudice against all other defendants for failure to state a claim. In addition, **COUNT 5** is **DISMISSED** without prejudice against **ALL DEFENDANTS** on the same grounds.

The Clerk of Court shall prepare for **ALL DEFENDANTS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 14), and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 8/17/2023**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your amended complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**